## Frorer et al. v. Gentzsch

*Paul P. Wisler*, for plaintiffs.

*Arthur W. Bean*, of *Smillie & Bean*, for defendant.

CORSON, J., April 27, 1939.—Plaintiffs seek to restrain defendant from erecting, conducting, and maintaining a dog kennel and pet cemetery on property adjoining plaintiffs' properties.

The defendant has filed preliminary objections to the bill, in the nature of a demurrer; the main objection being that the bill, upon its face, shows that plaintiffs are not entitled to the relief sought. Various other technical objections are raised but, in view of the fact that we must sustain the second objection, it is unnecessary to pass upon the other technical questions involved.

Admittedly, the only thing that has been done is that defendant has erected a small building on his property with a sign thereon reading "Pet Rest", indicating that the ground is to be used as a pet cemetery. Plaintiffs further claim that defendant states that he is about to erect a dog kennel and intends to board dogs and other pets upon the premises.

Plaintiffs seek to enjoin this use for two main reasons: First, that such use will depreciate the value of plaintiffs' properties; and, second, that the noise will disturb the peace and quiet of the neighborhood, and persons living in such neighborhood. We know of no case in Pennsylvania wherein either a dog kennel or a cemetery has been held to be a nuisance per se. A cemetery, if properly conducted, is a legal enterprise: Wahl v. Methodist Episcopal Cemetery Assn., etc., 197 Pa. 197 (1900); Sutton v. Findlay Cemetery Assn., 270 Ill. 11, 110 N. E. 315 (1915). In the Sutton case, the court said:

" 'Every doubt should be solved against the restraint of a proprietor in the use of his own property for a purpose seemingly lawful and conducive both to individual gain and the general welfare. Relief by injunction is so severe in its consequences that it is not to be granted in such a case except when the right to it is clearly and conclusively made out.' "

A dog kennel may be so operated as not to be a nuisance and since plaintiffs merely allege a contingent injury in the event that such dog kennel does become a nuisance in fact, they are not entitled to injunctive relief at the present time: Rhodes et al. v. Dunbar et al., 57 Pa. 274 (1868). The fact that the use of defendant's property may shock the artistic and æsthetic sense of the neighborhood and that it may cause property to be depreciated in value, is not of itself a sufficient reason to justify enjoining such use: Monk v. Packard et al., 71 Me. 309 (1880).

Under Rhodes et al. v. Dunbar et al., supra, we feel that the bill must be dismissed. There may be authority for holding the bill and later determining whether or not the operation of the pet cemetery and dog kennel does become a nuisance in fact. However, since the facts constituting the alleged nuisance would have to be set forth in a supplemental bill, we feel that it is better practice in the present case to dismiss the bill without

prejudice to the rights of plaintiffs to file a new bill in the event that defendant's operations upon his property become such as to constitute a nuisance in fact to plaintiffs.

And now, April 27, 1939, feeling that plaintiff's bill at present does not warrant action by a court of equity; and counsel, at the argument, admitting that no amendments could be made at this time which would change the situation, it is ordered, adjudged, and decreed that the second preliminary objection to the bill is decided in favor of defendant and a decree is entered as follows:

The bill is dismissed without prejudice to the right of plaintiffs to file another bill, in accordance with this opinion.